Law Offices of Eric D. Shevin
Eric D. Shevin, Esq. (State Bar No. 160103)
Stephen J. Fisch, Esq. (State Bar No. 240774)
15260 Ventura Blvd, Suite 1050
Sherman Oaks, CA 91403
Telephone: (818) 784 - 2700
Facsimile: (818) 784 - 2411

Attorneys for Claimants
VADIM SHAPIRO
TATYANA SHAPIRO

FILED
CLERK, U.S. DISTRICT COURT
DEC 13 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

IN THE UNITED STATES DISCTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CV13-9194 SJO (PJWx)

| | |
|---|---|
| VADIM SHAPIRO<br>TATYANA SHAPIRO,<br><br>              Claimants,<br><br>    vs.<br><br>THE PEOPLE OF THE STATE OF<br>CALIFORNIA,<br><br>              Respondent. | Court No. [No Case Filed]<br>Magistrate's Case Nos.:<br>12-2600M, 12-2602M, 12-2603M<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT FOR RETURN OF PROPERTY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; PROPOSED ORDER**<br><br>Date: Jan 24, 2014<br>Time: 11:00am<br>Courthouse: United States Federal Courthouse<br>Dept: 23 |

TO THE HONORABLE COURT AND THE UNITED STATES ATTORNEY FOR THE CENTRAL DISTRICT OF CALIFORNIA AND/OR HIS REPRESENTATIVE:

PLEASE TAKE NOTICE that on _____, 2013, or as soon thereafter as the matter may be heard in Department ____ of the United States District Court for the Central District of California located at 312 N. Spring St. in Los Angeles, California 90012, Claimants Vadim Shapiro and Tatyana Shapiro will, and hereby do, respectfully move this Court through counsel for an order for the return of property.

This motion will be made on the grounds that the court has jurisdiction to order the return of the seized property. Further, since no criminal charges have been filed the sought property can be

MOTION FOR RETURN OF PROPERTY               -1-

properly returned to the claimant.

This motion will be based on this notice, the memorandum of points and authorities set forth below, the complete files and records of this action, and the argument of counsel and evidence presented at the time of the hearing of this motion.

DATED: December 9, 2013

Respectfully submitted,

LAW OFFICES OF ERIC D. SHEVIN

By: _____
Eric D. Shevin
Attorney for Claimants
VADIM SHAPIRO
TATYANA SHAPIRO

MOTION FOR RETURN OF PROPERTY            -2-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### STATEMENT OF FACTS

On November 5, 2012, U.S. Magistrate Judge Fernando M. Olguin signed search warrants for properties at 1201 North Larrabee Street, Unit #301, and 330 N. Western Avenue in Los Angeles, California. During the execution of the search warrants, law enforcement officers under the supervision of the Special Agent S.A. Nyasia Rosario arrested Mr. Vadim Shapiro (DOB: 11/24/54) and his wife, Mrs. Tatyana Shapiro, confiscating numerous items of personal property in the process. These items include dozens of pieces of valuable jewelry and family heirlooms acquired during Mr. Shapiro's career in the jewelry business in Russia, as well as Mrs. Shapiro's engagement and wedding rings.

During December of 2012 and January of 2013, counsel for Mr. and Mrs. Shapiro began making repeated calls to the arresting officer in this matter, officer Santos of the LAPD Olympic Narcotics Division, and left numerous messages regarding the seized property, but received no response. Counsel for Mr. and Mrs. Shapiro additionally sent a letter to Deputy District Attorney ("DDA") Lance Wong on April 10, 2013, inquiring into the property issues and the filing status of the case. See Exhibit A, April 10, 2013, Letter from Eric D. Shevin to DDA Lance Wong. On April 19, 2013, DDA Wong responded with a letter to counsel for Mr. and Mrs. Shapiro stating that the Major Narcotics Division had received no case for consideration related to Mr. and Mrs. Shapiro's arrest. See Exhibit B, April 19, 2013, Letter from DDA Lance Wong to Eric D. Shevin.

On May 31, 2013, counsel for Mr. and Mrs. Shapiro contacted S.A. Nyasia Rosario of the Department of Homeland Security, affiant on the search warrants issued by the District Court. S.A. Rosario informed counsel for Mr. and Mrs. Shapiro that the matter remained under investigation, but that she would speak to Santos regarding the requested property return.

On November 22, 2013, a representative of counsel for Mr. and Mrs. Shapiro again called S.A. Rosario and spoke to her regarding the return of property issue. S.A. Rosario provided her mailing address so that counsel could send her a formal written request pursuant to 18 U.S.C. 983(f), and stated that she would call this office back to discuss the return of property issues at a later date. See Exhibit C, Formal Request for the Return of Seized Property. As of the date of the filing of this motion, S.A. Rosario has not called back to discuss the seized property.

As of December 9, 2013 no action has been filed against Mr. and Mrs. Shapiro, and all of the

MOTION FOR RETURN OF PROPERTY -3-

items of personal property seized and described in this motion remain in the possession of law enforcement. As such, at this time, Mr. and Mrs. Shapiro respectfully request the return of their lawfully owned property.

## II.
## MR. AND MRS. SHAPIRO ARE ENTITLED TO THE RETURN OF THEIR LAWFULLY OWNED PROPERTY.

### A. Mr. and Mrs. Shapiro Have Standing Under 18 U.S.C. 1983 To Request That The Court Order The Return Of Their Property.

18 U.S.C. 983 grants claimants the ability to request the return of property seized by law enforcement under a federal warrant. In the instant matter, Mr. and Mrs. Shapiro were served with federal search warrants under Magistrate's Case Nos.: 12-2600M, 12-2602M, 12-2603M. No charges have been filed against the Shapiro's, and Mr. and Mrs. Shapiro meet all the requirements for immediate release of their property under 18 U.S.C. 1983(f) – Release of Seized Property.

### B. Mr. And Mrs. Shapiro Tendered A Formal Request For The Return Of Their Property Pursuant to 18 U.S.C. 983(f).

On November 22, 2013, Mr. and Mrs. Shapiro sent a formal request for the return of all seized property as required by statute to both officer Santos and S.A. Rosario. See Exhibit C. The instant petition for the return of the seized property may be filed where the seized property in question has not been returned "15 days after the date of a request." 18 U.S.C. 983(f)(3)(A). More than 15 days have elapsed since the formal request, and as such, this petition is ripe for the court's review.

### C. Mr. And Mrs. Shapiro Satisfy All The Statutory Elements For The Immediate Return Of Their Property.

18 U.S.C. 983(f) governs the immediate return of property seized pursuant to a federal warrant, and potentially subject to forfeiture. Under 18 U.S.C. 983(f)(1) the claimant must qualify for release of such property by meeting five statutory requirements: (A) the claimant has a possessory interest in the property; (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of trial; (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause sufficient hardship to the claimant, such as preventing the functioning of a business, preventing an individual from

working, or leaving an individual homeless; (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and (E) none of the conditions set forth in paragraph (8) applies. Mr. and Mrs. Shapiro fulfill all of elements required for immediate property release.

    Here, as to the first element, the Shapiro's have a possessory interest in their property, as they are the owners of the property, the property was personal property, and the items of property were seized directly from their home and business. 18 U.S.C 983(f)(1)(A).

    As to the second element, Mr. and Mrs. Shapiro have sufficient ties to the community to warrant their property's immediate release. Mr. and Mrs. Shapiro have lived in Los Angeles since 1997, and own a home. Their only son, Alex, lives and works in Los Angeles, California, as an attorney. They have no plans to move, and there is no indication that any charges are going to be filed against them. 18 U.S.C 983(f)(1)(B).

    As to the third element, the continued possession of Mr. and Mrs. Shapiro's property by the Government (pending the disposition of forfeiture proceedings, of which there are none) will continue to cause substantial hardship to the claimants, as it has for the last year that they have been deprived of their property. Continued possession of property by the Government prevents Mr. Shapiro from functioning in his business capacity as a fine jewelry salesman, preventing him from working in his trade. Mr. Shapiro spent years working for fine jewelry makers, including Cartier, Audemars Piguet and Franck Muller, as a brand representative and a dealer of fine jewelry in Moscow before he immigrated to the United States. He continues to work independently in the fine jewelry business. Additionally, Mrs. Shapiro's wedding ring was removed from her finger and seized by law enforcement. The continued possession by law enforcement has taken an emotional toll without any connection to unlawful activity. This motion includes documentation related to Mr. Shapiro's former career, including photographs of himself and his wife wearing many of the seized items of jewelry, and receipts reflecting the lawful purchase and ownership of the jewelry. 18 U.S.C 983(f)(1)(C).

    As to the fourth element, Mr. and Mrs. Shapiro's likely hardship from the continued possession by the Government of the seized property clearly outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the

pendency of the proceedings, as no proceedings of any kind have been initiated. 18 U.S.C 983(f)(1)(D).

As to fifth element, "none of the conditions set forth in paragraph (8) appl[y]." 18 U.S.C 983(f)(1)(E). "[P]aragraph (8)" refers to U.S.C 983(f)(8), which disallows the return of seized property that is: (A) contraband, currency, or electronic funds, (B) is to be used as evidence, (C) is particularly suited for use in illegal activities, or (D) is likely to be used to commit additional criminal acts. The property is primarily jewelry, in addition to several computers and other innocuous items of personal property, which do not constitute contraband, currency or electronic funds. None of the personal property is to be used as evidence, as no charges have been filed. Additionally, the property is not particularly suited for criminal activity, nor is it likely to be used to commit criminal acts.

### D. Mr. And Mrs. Shapiro Are Submitting Documentation In Light Of Law Enforcement's Incomplete Inventory Of Property Seized.

Here, Mr. and Mrs. Shapiro are asking the court for the return of legally owned property that was not properly or adequately inventoried by law enforcement at the time of seizure, to wit:

| Receipt No. | ITEM DESCRIPTION |
| --- | --- |
| 1 | (1) Harry Winston Watch (sapphire and diamonds); |
| 2 (left side of page) | (1) Hublot Watch (gold w/white ceramic and diamond strap); |
| 2 (right side) | (1) Gold Ring (large w/two rows of diamonds and emerald in the center); |
| 3 (left side) | (1) Mrs. Shapiro's Engagement Ring (band with small diamonds)(w/photo); |
| 4 (right side) | (1) Chopard "La Strada" Watch (white gold w/cognac diamonds)(w/photo); |
| 5 | (1) Ring (two pearls, one black one white, with diamonds)(w/photo); |
| 6 | (1) Rolex Milgauss Watch; |
| 7 | (1) Ring (w/sapphire in the middle and two diamonds); |
| 8 | (1) Chopard Chrono Watch (steel w/diamond bracelet)(w/photo); |
| 9 | (1) Chanel Watch (white ceramic); |
| 10 | (1) Briguet Lady, Princess of Napoli Watch (gold w/diamonds)(w/photo); |
| 11 | (1) Set of Diamond 3-Piece Earrings; |
| 12 | (1) Rolex Daytona Watch (gold); |
| 13 | (1) Cartier Pasha Watch; |
| 14 (paid by AMEX) | (1) Tiffany Atlas Bracelet w/ Roman Numerals; |

| Receipt No. | ITEM DESCRIPTION |
|---|---|
| 15 | (1) Ring (gold w/emerald and diamonds); |
| 16 | (1) Rolex Watch (gold w/diamonds); |
| 17 | (1) Rolex Datejust Watch; |
| 18 | (1) Cartier Men's Gold Chain (large, gold); |
| 19 | (1) Men's AP Royal Oak Offshore Watch (steel on a bracelet); |
| 20 | (1) Chopard Ring (white gold w/black diamonds); |
| 21 | (1) Rolex Yachtmaster Watch (Alex's 25th Birthday Gift) (w/photo); |
| 22 | (1) Briguet, Men's Marine Chrono Watch (gold w/ gold bracelet); |
| 23 | (1) Chopard Necklace (white gold)(w/photos); |
| (no receipt) | (1) Cartier Bracelet (w/diamonds) (w/photos); |
| (no receipt, very old) | (1) Int'l Watch Company Big Pilot watch (steel on leather strap); |
| (no receipt) | (1) Baraka Chain (two-tone)(w/photos); |
| (no receipt) | (1) Mrs. Shapiro's Wedding Ring (white gold w/large diamond in the middle and two smaller diamonds on the side)(w/photo); |
| (no receipt) | (1) Broach, Italian Carnival Mask by Mihail Chemiakin (gold w/sapphires, diamonds and rubies, personal gift )(w/photos). |

The receipt numbers listed above correspond to receipts retained by Mr. and Mrs. Shapiro, which demonstrate their lawful purchase, possession and ownership of these items. See Exhibit D, Jewelry Receipts and Photographs. Additionally attached as part of Exhibit D, along with the appropriate receipts, are photographs of Mr. and Mrs. Shapiro wearing many of the seized items throughout the course of their marriage. Law enforcement also seized an undisclosed amount of U.S. currency, computers, monitors, laptops, cellular phones, DVR boxes, three (3) legally owned firearms, several bottles of fine tequila, and both of the Shapiro's automobiles.

These lists provided by Mr. and Mrs. Shapiro, stand in stark contrast to the handwritten and incomplete lists generated by law enforcement at the time of the execution of the search warrants. See Exhibit E, Search Warrant No. 12-2603M; Exhibit F Search Warrant No. 12-2600M. As such, Mr. and Mrs. Shapiro respectfully request that the court order the return of each of these well-documented pieces of property.

///

### E. The Property Requested For Return Comes From Legitimate Financial Sources.

In addition to the non-contraband nature of the property, claimants Mr. and Mrs. Shapiro have submitted documentation demonstrating the legal nature of their personal and family funds, including those used to purchase many of the seized items. This documentation is attached as Exhibit G. In total, the documentation demonstrates receipt of well over $1,000,000 in legally acquired funds from legitimate wire transfers, checks, and a home equity credit line:

Proof of Lawful Currency

| | |
|---|---|
| Wells Fargo Check Image - $70,000 - May, 2007 | C1 |
| Bank of America Check Image - $7,000 - 9/6/06 | C2 |
| Wells Fargo Transaction Receipt - $100,000, 10/19/06 | C3 |
| Bank of America Prima Account Statement - 10/26/06, wire transfer of $870,000 (from Russia), and transfer of $40,000. | C4 |
| Bank of America Prima Account Statement - 11/27/06, wire transfer of $100,000 (from Russia). | C5 |
| Bank of America Prima Account Statement - 9/27/11, wire transfer of $44,300 (from Russia). | C6 |
| Bank of America Prima Account Statement - 3/27/12, wire transfer of $40,000 (from Russia). | C7 |
| Wells Fargo, Home Equity Access LCA - 2/16/09 | C8 |
| Wells Fargo Home Equity Access LCA - 10/19/07 | C9 |
| IRS Form 1040, 2011 | C10 |

There is no indicia of any illegal activity related to these wire transfers and checks, and no basis for law enforcement to continue to hold property acquired with these legal funds as their source.

### F. Mr. and Mrs. Shapiro's Property Must Be Returned By Order Of The Court.

Statutes imposing forfeitures are *not* favored, and are to be strictly construed in favor of persons against whom they are sought to be imposed. *People v. $28,500 in U.S. Currency*, 51 Cal. App. 4th 475 (5th District 1996) (emphasis ours).

Here, Mr. and Mrs. Shapiro have waited over a full year for law enforcement to investigate their matter. Neither the Los Angeles County District Attorney's Office nor the United States

1  Attorney's Office has filed any charges against Mr. and Mrs. Shapiro, nor have they filed any
2  forfeiture action in relation to the seized property. As such, at this time each item of Mr. and Mrs.
3  Shapiro's property must be returned by order of the court.

### III.
### THE RETURN OF SEIZED ITEMS IS REQUIRED TO COMPORT WITH DUE PROCESS.

The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty or property, without due process of law." U.S. Const. amend. XIV § 1; Cal. Const. art. I, § 15. It is beyond dispute that "the right to regain possession of one's property is a substantial right . . ." *City of Garden Grove v. Superior Court of Orange County (Felix Kha)*, 157 Cal. App. 4th 355 (4th Dist. 2008) (review denied by Cal. Supreme Court). Specifically, California's Health & Safety Code states that "property shall remain under control of the law enforcement or prosecutorial agency until the adjudication of the forfeiture hearing," and that "[s]eized property shall be protected and its value shall be preserved pending the outcome of the forfeiture proceedings." Cal. Health & Safety Code §11488.5. Continued official retention of legal property with no further criminal action pending violates the owner's due process rights. *Lamonte*, 53 Cal. App. 4th at 549. Other courts have similarly invoked due process principles to ensure the return of lawfully possessed property. *See, e.g., Ensoniq Corp. v. Superior Court*, 65 Cal. App. 4th 1537 (1998); *People v. Superior Court (Loar), supra*, at 614-15 (continued police retention of legally protected adult films would constitute a "patent denial of due process").

Pursuant to established precedent, the court here should return all of Mr. and Mrs. Shapiro's legally owned property.

///

# IV.
# CONCLUSION

For the reasons stated above good cause exists for the court to issue an order for the return of the requested property.


DATED: December 9, 2013                    Respectfully submitted,

                                           LAW OFFICES OF ERIC D. SHEVIN


                                           By: _____
                                              Eric D. Shevin
                                              Attorney for Claimants
                                              VADIM SHAPIRO,
                                              TATYANA SHAPIRO

# DECLARATION OF ERIC D. SHEVIN IN SUPPORT OF MOTION FOR RETURN OF PROPERTY

I, Eric D. Shevin, state:

1.   I am an attorney at law duly licensed to practice before all of the courts in the State of California as well as the United States Federal Court for the Central District of California and I am the attorney of record for the claimants, VADIM SHAPIRO and TATYANA SHAPIRO, in the above-captioned action. I am the attorney primarily responsible for the handling of this motion for return of property in this case and have personal knowledge of the facts stated in this declaration.

2.   I am informed and believe that VADIM SHAPIRO and TATYANA SHAPIRO are the legal owners of the property seized by law enforcement.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 9th day of December, 2013, at Sherman Oaks, California.

_____
Eric D. Shevin